MEMORANDUM **
California state prisoner Cecil Roy Ted-der appeals pro se from the district court’s judgment dismissing his 28 U.S.C. § 2254 habeas corpus petition and 42 U.S.C. § 1983 civil rights complaint. We have jurisdiction pursuant to 28 U.S.C. § § 1291 and 2253, and we affirm.
The record belies Tedder’s contention that the district court dismissed his case based on an erroneous finding that he failed to timely object to the findings and recommendations of the magistrate judge. The district court sua sponte dismissed the case at screening for failure to plainly state a claim upon which relief could be granted.
*940 The record discloses that Tedder was convicted for murder in 2000, while serving a life sentence for a 1986 murder conviction. Following the 2000 conviction, The California Board of Prison Terms (the “Board”) recalculated Tedder’s parole eligibility and vacated a parole hearing scheduled for September, 2001. In the instant case, Tedder claimed that the Board and prison officials violated his constitutional rights by failing to bring him to the 2001 hearing, and failing to release him from prison. He contended that he is entitled to release and money damages because his life sentence for the 2000 conviction, which was made concurrent to a prior federal sentence, expired when the shorter federal sentence expired.
The district court properly dismissed Tedder’s habeas petition for failure to plainly state a claim that would entitle him to relief. The Board’s decision to recalculate parole eligibility in light of the new conviction was not contrary to, nor an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d). Tedder’s section 1983 claim is therefore barred, because success “would necessarily demonstrate the invalidity of confinement or its duration.” Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that a prisoner cannot use section 1983 to obtain damages where success would necessarily imply the unlawfulness of a not previously invalidated conviction or sentence).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.